Castaldini v Walsh (2018 NY Slip Op 07407)





Castaldini v Walsh


2018 NY Slip Op 07407


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-02906
 (Index No. 21904/14)

[*1]Richard Castaldini, et al., respondents, 
v
David Walsh, et al., appellants.


Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski and Jennifer A. Spellman of counsel), for appellants.
Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Kenneth A. Auerbach and Christopher M. Becker of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 26, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant David Walsh.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the plaintiff Richard Castaldini at the defendants' home. The defendant Gia Walsh was served by personal delivery of the summons and complaint (see CPLR 308[1]). The defendant David Walsh was served by delivery of the summons and complaint to Gia Walsh, follow-up mailing, and filing of proof of service with the Suffolk County Clerk (see CPLR 308[2]). The defendants moved to dismiss the complaint pursuant to CPLR 3211(a) on the ground that because Gia Walsh had filed a petition for bankruptcy, the automatic bankruptcy stay (see 11 USC § 362[a]) was in effect when service was effectuated, and the stay extended to preclude service upon David Walsh by delivery of the summons and complaint to Gia Walsh. The Supreme Court granted that branch of the motion which was to dismiss the complaint insofar as asserted against Gia Walsh, but denied that branch of the motion which was to dismiss the complaint insofar as asserted against David Walsh. The defendants appeal.
We agree with the Supreme Court that the defendants' contention that 11 USC § 1301(a) precluded service upon David Walsh by delivery of the summons and complaint to Gia Walsh under CPLR 308(2) is without merit (cf. 11 USC §§ 362[a], 1301[a]).
The defendants' remaining contention, raised for the first time in their reply brief on appeal, is not properly before this Court (see Noy v Noy, 160 AD3d 887; Fucile v L.C.R. Dev., Ltd., 102 AD3d 915, 920; Sudit v Roth, 98 AD3d 1106, 1106).
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court